**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eric TAYLOR, Defendant–Appellant.**

No. 00–3121.

United States Court of Appeals,
Sixth Circuit.

March 15, 2001.

Before KENNEDY and
SUHRHEINRICH, Circuit Judges;

GAUGHAN, District Judge.[*]

## ORDER

This is an appeal from the imposition of a criminal sentence after a remand from this court for that purpose. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Eric Taylor was convicted by a jury of two counts of possession of more than five grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and 18 U.S.C. § 2, and of one count of possession of a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. The district court sentenced Taylor to an aggregate 157 month term of imprisonment. A panel of this court affirmed the conviction but vacated the sentence and remanded the case for resentencing so that the district court could supply more extensive findings of fact with respect to two different guideline enhancements. *United States v. Taylor*, No. 94–3853, 1995 WL 527375 (6th Cir. Sept. 6, 1995) (per curiam). A series of appeals and orders followed this decision that are of no consequence to the present appeal.

The district court ultimately referred the second sentencing hearing to a magistrate judge. The magistrate judge conducted a hearing and concluded that the original sentencing enhancements at issue were properly imposed and made findings in support of this conclusion. The district court adopted this recommendation and findings, over the objections of Taylor, and this appeal followed.

Counsel for Taylor brings two assignments of error on appeal, namely, that the district court erred in applying both sentencing enhancements in question. "A court's factual findings in relation to the application of the Sentencing Guidelines are subject to a deferential 'clearly erroneous' standard of review. Legal conclusions regarding the Guidelines, however, are reviewed *de novo.*" *United States v. Latouf,* 132 F.3d 320, 331 (6th Cir.1997) (citations omitted). An examination of the findings and conclusion with respect to the two separate sentencing enhancements supports the district court's decision in its entirety.

The sentencing enhancements at issue in this appeal involve the proper quantity of drugs for which Taylor could be held accountable and whether Taylor obstructed justice by committing perjury during the course of his trial. In August 1992, police officers in Columbus, Ohio, began surveillance of an apartment after receiving complaints that individuals were dealing drugs from the apartment. Officers observed Taylor entering the apartment, apparently using a key to let himself in, and then engaging in what appeared to be drug transactions. The officers eventually procured a warrant to search the apartment and found Taylor on the floor with a woman, a nearby quantity of drugs, drug paraphernalia, a revolver and, beneath Taylor, a key to the apartment.

Taylor was again the subject of police attention in August 1993. Columbus police officers were driving in an unmarked car when they saw Taylor riding in the front passenger seat of an automobile driven by a woman, Leslie Wooten. The officers followed Wooten's car for one to two and one-half minutes, as Taylor had a warrant

[*] The Honorable Patricia A. Gaughan, United States District Judge for the Northern District of Ohio, sitting by designation.

outstanding for his arrest, during which time Wooten made a series of turns onto side streets and alleys. The officers saw Taylor make several "erratic" movements, lean forward as if reaching under the passenger seat and then reach into the area behind Wooten's seat, all the while turning to look back at the officers' car. The officers stopped Wooten's car and found a plastic bag of crack cocaine on Taylor's person, a gun underneath Taylor's seat and another plastic bag of crack cocaine in the top portion of Wooten's purse that had been sitting on the back seat behind Wooten.

Taylor was tried to a jury on the drug possession and firearms counts. He took the stand in his defense and testified as to the events in the apartment arrest as well as the automobile stop and arrest. Taylor maintained that he was in the apartment only to engage in sexual relations with his female companion, that he never had a key to the apartment, and that he knew nothing about the firearm or drug paraphernalia found in the apartment. Taylor also testified that he was carrying a quantity of crack cocaine for a friend when the police stopped Wooten's car, but that neither the gun under the seat nor the crack cocaine in Wooten's purse belonged to him. Taylor made a blanket denial that he had anything to do with any other drugs or transactions other than the drugs found on him during the stop of Wooten's car.

The jury found Taylor guilty of the charges noted above and the matter proceeded to sentencing. The district court calculated Taylor's base offense level, in part, by holding Taylor responsible for the amount of crack cocaine found in Wooten's purse and by finding that Taylor had obstructed justice when he committed perjury while testifying in his own defense. On appeal, the panel of this court to whom the case was assigned affirmed the conviction but concluded that the district court's findings in support of the two enhancements listed above were deficient. The panel specifically directed the court to make further, more specific findings as to the extent of Taylor's knowledge of the drugs in Wooten's purse pursuant to USSG § 1B1.3(a)(1)(B) (jointly undertaken criminal enterprise) and identify the specific examples of Taylor's perjury and credibility determinations that lead to the enhancement under USSG § 3C1.1 (obstruction of justice). *Taylor*, 1995 WL 527375 at **7–8.

On remand, the matter was referred to a magistrate judge. The parties convened for a hearing, but no new evidence was adduced. The magistrate judge concluded that the enhancements at issue were proper based on references to the trial transcript. The district court adopted these findings, with slight modifications, over Taylor's objections. The court specifically concluded that Taylor and Wooten engaged in jointly undertaken criminal activity in evading police officers while transporting and concealing crack cocaine and a firearm in Wooten's car. The court also found that Taylor lied under oath when he denied having 1) independent access to the apartment, 2) knowledge that the apartment was a "stash house," 3) knowledge of the drugs in the apartment and, 4) knowledge of the gun under the passenger seat of Wooten's car. The court then reinstated the original sentence and this appeal followed. On appeal, counsel for Taylor takes issue with each of the two specified sentencing enhancements.

The sentencing guidelines holds a defendant responsible for all acts for which the defendant would be otherwise accountable. *See* USSG § 1B1.3. Relevant conduct in this context includes the following:

(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy) all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

USSG § 1B1.3(a)(1). "The government bears the burden of proving the quantity of drugs chargeable to a defendant for sentencing purposes by a preponderance of the evidence. Like other factual findings, the sentencing court's drugs quantity determination is reviewable only for clear error." *United States v. Gessa*, 57 F.3d 493, 496 (6th Cir.1995) (citations omitted).

■ In the case at bar, the district court has responded to previous remand of the Sixth Circuit by identifying with specificity the scope and indicia of the jointly undertaken criminal activity between Taylor and Wooten in transporting and concealing the quantity of crack cocaine found in Wooten's purse. The court pointed to the evasive driving style of Wooten and the furtive movements of Taylor in reaching around the area of the back seat where the purse sat while trying to watch the approaching police car. These findings cannot be said to be clearly erroneous and amply support the enhancement for the additional crack cocaine.

■ A district court may apply an enhancement for obstruction of justice to the base offense level of a defendant "committing, suborning or attempting to suborn perjury." USSG § 3C1.1 comment. (n. 4(b)). A defendant perjures himself if he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). A court applying a § 3C1.1 enhancement for perjury must identify particular portions of the testimony that it considers to be perjurious, and must "either make specific findings for each element of perjury or at least make a finding 'that encompasses all of the factual predicates for a finding of perjury.'" *United States v. Sassanelli*, 118 F.3d 495, 501 (6th Cir.1997) (citations omitted). While a defendant's denial of guilt will not ordinarily support a § 3C1.1 enhancement standing alone, see USSG § 3C1.1, comment. (n. 2), "not every attempt at self-exoneration by a defendant is privileged from" a § 3C1.1 enhancement. *See United States v. Surasky*, 976 F.2d 242, 245 n. 2 (5th Cir.1992).

■ In the present appeal, the district court plainly identified specific instances of Taylor's denying, under oath, conduct and circumstances that were just as plainly contradicted by testimony of law enforcement officers. The jury obviously found the officers' testimony credible and, by inference, did not believe Taylor's attempt to distance himself from these crimes. Taylor was seen entering the apartment by himself and found on the floor of the apartment with a key underneath his body, yet he denied having access to the apartment. Taylor was seen reaching under the seat of a car where a gun was found, yet he denied having knowledge of the gun. The court was entitled to credit the officers' testimony in this regard and, in the same vein, to conclude that Taylor had deliberately lied under oath when he denied his involvement. The enhancements

were properly applied and this appeal lacks merit.

Accordingly, the district court's judgment is affirmed.